Gould & Eberhardt, Inc. v. Commissioner.
Gould & Eberhardt, Inc. v. Commissioner
Docket No. 9073.
United States Tax Court
1948 Tax Ct. Memo LEXIS 258; 7 T.C.M. (CCH) 43; February 2, 1948
*258 ARUNDELL
Memorandum Sur Order ARUNDELL, Judge: The petitioner's Motion to Modify and Supplement the Findings of Fact, as filed, requested nineteen, separate, additional findings or modifications of the existing findings. It appears to be the notion of counsel for the petitioner that it is the duty of a trial court to make a finding of every fact as to which there is any evidence in the record, regardless of whether in the Court's opinion the fact be material or relevant to the decision in the case. In substance, it would seem that counsel seeks a statement of all the evidence adduced in this proceeding rather than findings of fact. This notion does not accord with our conception of the proper function of a trial court. At and after the hearing on the motion, counsel for petitioner withdrew a number of the requests for additional findings. We have given careful consideration to the remaining requests and are making certain supplemental findings as set forth in the accompanying order. A finding with respect to the relationship between petitioner and its dealers is made in the interests of clarity and to preclude all doubt that the relation was that of independent dealership *259 rather than agency. A finding is also made to show that petitioner did not treat the DPC advance payments as income or the repayments thereof as deductions, even though in our opinion the petitioner's treatment of these items cannot determine the question whether the advances are borrowed capital within the meaning of the statute. Some of the requested findings which the Court indicated at the hearing it might be willing to allow, in whole or in part, were at that time withdrawn by petitioner's counsel. In addition, the Court then stated it would allow paragraph IX of the motion, in substance; but by communication of December 24, petitioner's counsel stated that even this paragraph might be omitted. In our judgment, the rest of the findings still insisted upon are either not supported by the weight of the evidence or are so completely immaterial to the disposition of the case that they should be denied.